[No. 30133. Department Two. February 2, 1948.]

WILLIAM J. M. HALL, *Respondent,* v. KATHRYN E. MALSTROM, *as Director of the Department of Social Security, Appellant.*[1]

[1]Reported in 189 P. (2d) 471.

*The Attorney General* and *Boris B. Kramer, Assistant,* for appellant.

*Brodie & Brodie,* for respondent.

ROBINSON, J.—William J. M. Hall applied for a senior citizen grant on March 8, 1946, which application was denied by the Thurston county welfare department on March 14, 1946. An appeal to the director of the state department of social security was taken by Mr. Hall. At the hearing on his appeal to the director, held on April 22, 1946, it was shown that he had received a grant for three years, 1941-1944, which had been terminated at his request when he received fifteen hundred dollars from the sale of property. He had expended the fifteen hundred dollars for food, clothing, a cemetery lot, and a tombstone; and had given one hundred dollars to one friend and eighty-five dollars to another, with the understanding that they would use the money to pay his funeral expenses. It was undisputed that he had talked to an undertaker, who had refused to take the money, and for that reason Mr. Hall had divided it between his two friends, who had agreed to hold it for the purpose indicated. He testified that he considered this "dead money," and, in answer to a question as to whether there was anything to hinder his recovery of the fund, he said that he did not know whether they would give it back or not, that he was not going to ask for it, and that it was "dead money." He expected to receive no interest on the money, and the whole agreement was oral. He had less than one hundred dollars on hand on the day of the hearing before the director, but had had about two hundred dollars on hand at the time of the application.

The director found that, at the time of his application, appellant had two hundred dollars in cash and, with the $185 above referred to, had $385 in available cash resources, and she therefore denied the appeal from the decision of the Thurston county welfare department.

Mr. Hall then appealed to the superior court of Thurston county, where the matter was heard on the record made at

the hearing before the director. The trial court found the $185 burial funds was not a resource, and concluded

". . . that said deposit for funeral expenses was not property in the possession of plaintiff, but was money held in trust by the recipients for the express purpose of paying plaintiff's funeral expenses upon his decease."

The trial court set aside the decision of the director of the department of social security, and remanded the case with instructions to allow the application, effective March 8, 1946. From this disposition of the matter, the director appeals to this court.

A senior citizen grant shall be awarded to any person who is without resources, who meets certain requirements as to age, income, nonresidence in a public institution within certain specified classifications, and who has "not made a voluntary assignment or transfer of property or cash for the purpose of qualifying for a Senior Citizen Grant." (Rem. Supp. 1945, § 9998-37.) This latter qualification is here referred to because no argument is based thereon, and we are therefore not considering its application to the present case. It seems to be conceded that Mr. Hall meets all the qualifications for a senior citizen grant, except that it is contended that, by reason of his rights and interest in the $185, he has resources over and above the exception of two hundred dollars.

Under Rem. Supp. 1945, § 9998-36, we find that "resources" means

". . . any property which the applicant owns legally or beneficially, excepting therefrom:

"(1) The ability of relatives or friends of the applicant to contribute to the support of the applicant.

"(2) Insurance policies, the cash surrender value of which does not exceed $500.

"(3) The homestead, home or place of residence of applicant or the spouse of applicant.

"(4) Intangible property or personal property, the cash value of which does not exceed $200.

"(5) The personal effects of the applicant, including clothing, furniture, household equipment and motor vehicle.

"(6) Foodstuffs, livestock, fuel, light or water produced

by the applicant, applicant's spouse or family, exclusively for the use of applicant or applicant's family."

The sole question for our consideration is whether the $185 in possession of the applicant's two friends for the purpose of paying his funeral expenses is a resource. The appellant argues that: (1) the arrangement in question is not a valid trust; (2) if it is a valid trust, it is revocable; and (3) if either of the foregoing two propositions is true, it is a resource available to the respondent.

We will not pass upon the first contention, but with the second and third we must agree. If it is a trust, it is revocable. In 2 Restatement of Trusts 1038, § 339, it is said:

"If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

And in *Fowler v. Lanpher*, 193 Wash. 308, 75 P. (2d) 132, we have said:

"Where all of the parties were of full age and the trust was created by an arrangement to which the trustor and the *cestuis que trust* were the only parties, the trust may be terminated at any time."

Since the applicant had a right to repossess himself of this sum of $185 at any time, he was not without resources, within the statutory definition of that term, on March 8, 1946, when he made his application, or on April 22, 1946, when he had his hearing before the director of the department of social security.

The judgment of the trial court is reversed, and the cause is remanded with instructions to enter a decree affirming the order of the director of the department of social security denying the appeal of William J. M. Hall from the refusal of the Thurston county welfare department to award him a senior citizen grant on the basis of the application made on March 8, 1946.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.